**Donald L. HARMON, Plaintiff Below, Appellant,**

**v.**

**STATE of Delaware, DELAWARE HARNESS RACING COMMISSION, Defendant Below, Appellee.**

**No. 676, 2011.**

Supreme Court of Delaware.

Submitted: Jan. 23, 2013.

Decided: Feb. 15, 2013.

---

Stephani J. Ballard, Esquire, (argued), Law Offices of Stephani J. Ballard LLC, Wilmington, Delaware, for Appellant.

Marc P. Niedzielski, Esquire, (argued) and Laura L. Gerard, Esquire, Delaware Department of Justice, Wilmington, Delaware, for Appellee.

Before HOLLAND, BERGER, JACOBS and RIDGELY, Justices, and

GLASSCOCK, Vice Chancellor,* constituting the Court en Banc.

BERGER, Justice.

In this appeal we consider whether a jury verdict in favor of a racing official should be reinstated. The racing official, who had been suspended by the Delaware Harness Racing Commission ("Commission"), claimed that the Commission reneged on its promise to reinstate him. The jury agreed, but the trial court later determined that the racing official's claim failed as a matter of law. We hold that the racing official's promissory estoppel claim, which the jury accepted, subjected the Commission to liability. Accordingly, the trial court's entry of judgment in favor of the Commission must be reversed. The trial court also held that the jury verdict was excessive and against the great weight of the evidence, thereby justifying a new trial. We disagree, and reinstate the jury's verdict.

**Factual and Procedural Background**

In December 1998, the Commission hired Donald J. Harmon to serve as Presiding Judge. His job was to oversee both the racing and other racing officials. Harmon made sure the Commission's rules were followed, and held hearings if racing participants were charged with infractions. As Presiding Judge he was employed at-will, and paid *per diem.*

In April 2003, Harmon allegedly changed the judging sheet for a qualifying race as a favor to the horse's owner. The Commission investigated the allegations and, several months later, the Delaware State Police conducted an independent investigation. In January 2004, Harmon was charged with one misdemeanor and one felony based on Harmon's alteration of the judging sheet. When the Commission learned about Harmon's arrest, it suspended him without pay pending the outcome of the criminal case.

John Wayne was the Administrator of Racing during the relevant time period. Harmon asked Wayne to find out from the Commission whether he (Harmon) would be reinstated if he was acquitted on both charges. Wayne testified that he asked the commissioners, who looked at each other and then said he would be reinstated. The Commission authorized Wayne to advise Harmon accordingly.

Harmon was acquitted of the criminal charges, and promptly asked Wayne to discuss with the Commission getting his job back. The Commission agreed to meet with Harmon and his attorney to consider Harmon's reinstatement. Ultimately, the Commission decided not to reinstate Harmon, and advised him by letter dated November 18, 2004. In January 2007, Harmon filed his complaint, which purported to allege claims for breach of good faith and fair dealing, abuse of process, violation of the Delaware Whistle Blower's Act, and promissory estoppel. In January 2011, the trial court held a five day jury trial on the promissory estoppel claim. The jury entered a verdict of $102,273. The Commission then filed a motion for judgment as a matter of law or a new trial. The trial court granted both motions. This appeal followed.

**Discussion**

██ The first issue is whether the Commission, as a state agency, can be held liable on a promissory estoppel claim. To prevail on a promissory estoppel claim, a plaintiff must establish that:

---

* Sitting by designation pursuant to art. IV, § 12 of the Delaware Constitution and Supreme Court Rules 2 and 4(a) to fill up the quorum as required.

(i) a promise was made; (ii) it was the reasonable expectation of the promisor to induce action or forbearance on the part of the promisee; (iii) the promisee reasonably relied on the promise and took action to his detriment; and (iv) such promise is binding because injustice can be avoided only by enforcement of the promise.[1] As a general rule, however, the "state is not estopped in the exercise of its governmental functions by the acts of its officers."[2] The trial court relied on the general rule in holding that Harmon's claim failed as a matter of law.

But, this Court has recognized an exception to the general rule in the context of employment. In *Keating v. Board of Educ. of the Appoquinimink Sch. Dist.*,[3] a teacher was assured by the school principal that her contract would be renewed, but the school district Board of Education decided not to rehire the teacher. The trial court rejected the Board's argument that promissory estoppel does not apply to "creatures of the State."[4] This Court affirmed.[5] Harmon's promissory estoppel claim is analogous, as it is based on the Commission's failure to reinstate him after promising to do so.[6] Accordingly, we conclude that Harmon's claim does not fail as a matter of law.

■ The next issue is whether there was sufficient evidence for a rational juror to find each element of a promissory estoppel claim. The first element is a promise.

The evidence readily supports a finding that the Commission promised to reinstate Harmon. Wayne testified that he posed the question to the Commission, and that the Commission members looked at each other and then said "Yes." Wayne is the Administrator of Racing. By statute, the Administrator is the executive officer of the Commission. Wayne testified that the Commission expressly authorized him to give Harmon its answer.

■ The trial court found that there was no promise because Wayne had no actual authority to transmit the Commission's decision to Harmon. "An agent acts with actual authority when, at the time of taking action that has legal consequences for the principal, the agent reasonably believes, in accordance with the principal's manifestations to the agent, that the principal wishes the agent so to act."[7] The trial court reasoned that, because the Commission must act by a vote and no vote was taken before the members said "Yes," Wayne could not have reasonably believed that the Commission wanted him to commit to reinstate Harmon. But the jury could have found actual authority on either of two bases. First, the fact that the Commission members all looked at each other before answering Wayne's question could be construed as a vote, albeit an informal one. Second, the Commission did not address all matters by vote. It was not hiring or reinstating Harmon at the time Wayne conveyed its posi-

1. *Lord v. Souder*, 748 A.2d 393, 399 (Del. 2000).

2. *McCoy v. State*, 277 A.2d 675, 676 (Del. 1971).

3. 1993 WL 460527 (Del.Ch.), *aff'd.* 650 A.2d 1305 (Del.1994) (TABLE).

4. *Id.* at *4.

5. *See, also: Crisco v. Board of Educ. of the Indian River School District*, 1988 WL 90821 (Del.Ch.1988).

6. The fact that Harmon was an at-will employee does not prevent him from asserting a promissory estoppel claim. *Lord v. Souder*, 748 A.2d at 398.

7. Restatement (Third) of Agency, § 2.01 (2006).

tion to Harmon. The Commission was only promising to take action in the future. Under this view of events, the Commission had the authority to convey its promise to Harmon. In short, there was evidence to support a finding that the promise was made.

■■■ The second element of the claim is that the Commission reasonably expected Harmon to rely on Wayne's representations. If Wayne's testimony is credited, there is no real dispute about this point. The third element is that Harmon reasonably relied on the Commission's promise and took action to his detriment. Harmon testified that, but for the Commission's promise to reinstate him, he would have looked for other work in Delaware or another state. He was offered several horse training opportunities, but he could not pursue them because, if he did, he would not be allowed to return to his position as a judge for one year. Harmon also considered applying to be a judge in another jurisdiction, but decided that he could not start elsewhere and walk away from a new position as soon as he was reinstated in Delaware. This testimony, if credited by the jury, satisfies Harmon's burden of showing reliance to his detriment.

■ The final element of a promissory estoppel claim is a finding that the promise must be enforced to avoid injustice. That is another way of saying that it would be unjust not to enforce the Commission's promise because Harmon suffered damages by relying on it. The trial court held that the only evidence of damages was the expert testimony on Harmon's lost wages, and that lost wages are not "reliance" damages.

Reliance damages are intended to "assure that those who are reasonably induced to take injurious action in reliance upon the non-contractual promises receive recompense for that harm." [8] Harmon testified that he did not look for or accept other positions during his suspension because he expected to be reinstated, and other positions would interfere with his ability to return to the position of Presiding Judge. Harmon's expert opined that he would have earned net compensation of $175,400 for the period from January 2004 until November 2005.

It is not clear why Harmon thought he was entitled to damages for one year after the Commission decided not to reinstate him. As of November 18, 2004, he no longer had any reason to rely on the Commission's promise. During the time that he was waiting to be reinstated, however, Harmon could not accept another job, and suffered lost income as a result. That lost income constitutes reliance damages.

Finally, we consider the trial court's alternative decision to grant a new trial because the verdict was against the great weight of the evidence and shockingly high. That ruling is understandable, given the trial court's erroneous conclusion that Harmon failed to establish any element of a promissory estoppel claim. With respect to the amount of damages awarded, it appears that the jury understood the limits of reliance damages. Harmon's expert said he lost about $270,000 based on two years of lost earnings and interest. The jury award of $102,273 reflects approximately one year of lost earnings and, perhaps, a small amount of interest. That award is not shocking.

### Conclusion

Based on the foregoing, the judgment of the Superior Court is reversed, and this matter is remanded for reinstatement of

---

8. *Ramone v. Lang,* 2006 WL 460527, at *14    (Del. Ch.).

the jury verdict. Jurisdiction is not retained.