**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| BESSIE Y. LIVELY | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. NO.: N16C-07-085 AML |
| | ) | |
| GOVERNMENT EMPLOYEES | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

Submitted: April 20, 2018
Decided: May 30, 2018

**ORDER**

**Government Employees Insurance Company's Motion for Summary Judgment: Granted**

1.      Plaintiff's claim in this case arises from injuries she sustained in an auto accident. Plaintiff seeks benefits from an insurance policy she allegedly had with GEICO, while GEICO argues her insurance policy was cancelled before the accident due to nonpayment of premiums. A week before the accident, Plaintiff attempted to reinstate her policy through a phone call, but the call was disconnected before the payment was processed. Two days after the phone call, Plaintiff sent an email to GEICO inquiring as to the status of her policy. Five minutes later, GEICO responded by email explaining Plaintiff's policy was not reinstated. Five days later, Plaintiff was injured in the auto accident. The two

issues in this case are (1) whether a binding insurance contract existed after the disconnected phone call, or, if not, (2) whether promissory estoppel applies to prevent GEICO from denying Plaintiff the benefits of the insurance policy. Because I find no contract existed after the disconnected phone call, and promissory estoppel does not apply, GEICO is entitled to judgment as a matter of law.

## FACTUAL BACKGROUND

2.    The following facts are drawn from the joint stipulation of facts and the record appended to the parties' briefs. Bessie Lively had auto insurance with GEICO beginning in 2011. On January 25, 2016, GEICO sent Lively a Notice of Cancellation after she failed to pay several monthly premiums. The notice advised Lively that failure to pay $85.60 by February 5, 2016, would result in the immediate cancellation of her policy. Lively failed to tender payment on February 5, 2016, and GEICO cancelled her policy that day.

3.    On March 23, 2016, Lively called GEICO to reinstate her policy. During the call, Lively spoke with GEICO service representative Samuel Cooper for approximately forty-five minutes. Lively provided Cooper with all the information necessary to reinstate her policy with GEICO, including payment information, and the parties agreed on a quote for the cost of reinstatement. A GEICO policy becomes effective after: (1) the customer service representative

2

receives the payment card information, (2) the customer grants authority to process the payment, *and* (3) the customer service representative processes the payment.[1] Under GEICO's procedures, Cooper had authority to reinstate Lively's policy once her payment was processed.

4. The call was disconnected, however, before Cooper processed Lively's payment. Neither Cooper nor Lively attempted to reconnect the call, and Cooper neither processed the payment nor reinstated Lively's policy. Cooper made a note in GEICO's internal record system stating "policyholder called in to reissue, line disconnected. If policy holder [sic] calls back, please get new card information and go over discounts." Lively, on the other hand, allegedly believed GEICO renewed her policy after the March 23 call.

5. On March 25, 2016, Lively found her insurance information was unavailable on GEICO's website. At 2:30 p.m. on that day, Lively sent an email to GEICO inquiring as to the status of her insurance. At 2:35 p.m., GEICO replied to Lively's email, informing her that her policy was not reissued because the premium payment was not processed. Lively did not respond to GEICO's email and took no steps to communicate further with GEICO.

6. On March 30, 2016, Lively was involved in a motor vehicle accident. According to the complaint, Lively suffered physical injury and required medical

---

[1] Parties' Statement of Stipulated Facts (D.I. 32) ¶ 9 (emphasis added).

attention. On March 31, 2016, Lively called GEICO to report a claim, but GEICO informed her she was not insured at the time of the accident.

7.     On July 13, 2016, Lively brought this action against GEICO. The complaint alleged Lively had an insurance policy with GEICO during the time of the accident, and that GEICO failed to fulfill its legal and contractual obligations by refusing to pay Lively's medical expenses. On February 14, 2017, the Court issued an order scheduling the case for a two-day trial beginning on April 30, 2018. The order also set a November 9, 2017, deadline for dispositive motions.[2]

8.     On November 9, 2017, the parties filed a joint motion proposing to amend the scheduling order by extending the dispositive motion deadline to December 9, 2017.[3] The Court denied the proposed amended scheduling order, noting the parties had offered no explanation for the delay, and the extension would impose on the Court's time to resolve the motions.[4]

9.     On November 28, 2017, GEICO filed a letter, explaining the proposed amended scheduling order was necessary due to an unavoidable delay in delivering several documents requested by Lively.[5] Additionally, the parties suggested the Court's summary judgment ruling would resolve the case and make trial unnecessary. On November 29, 2017, this Court extended the dispositive motion

---

[2] D.I. 14.
[3] D.I. 21.
[4] D.I. 22.
[5] D.I. 23. Lively filed a similar letter, suggesting the Court ruling on summary judgment would resolve the case. D.I. 24.

deadline to December 9, 2017. On January 5, 2018, nearly a month after the extended deadline had passed, GEICO filed its summary judgment motion.

10. On January 9, 2018, this Court advised the parties by letter that it would not entertain GEICO's motion for summary judgment because the motion was filed substantially beyond the extended deadline.[6] The Court stated that, due to the history of the case, it intended to consider dispositive motions only if the parties agreed "to submit their dispute to the Court for resolution on a paper record. That is, unless the parties agree there are no disputed issues of material fact, this case will be tried."[7] The parties agreed to resolve the case on a paper record during a teleconference held on January 19, 2018. The Court therefore entered an order vacating the trial scheduling order and setting new deadlines for the summary judgment motion, including a deadline for filing a joint stipulation of facts. Thereafter, GEICO refiled its motion for summary judgment and the parties briefed and argued the motion.

11. GEICO argues Lively's insurance policy was cancelled on February 5, 2016, and therefore Lively was not insured by GEICO at the time of the accident on March 30, 2016. GEICO argues it is not obligated to cover Lively's claim because it did not insure her at the time of the accident. Lively, on the other hand, argues that a binding contract existed between GEICO and Lively at the conclusion

---

[6] D.I. 28.
[7] Id.

5

of the March 23 phone call because mutual promises were exchanged. In the alternative, Lively argues promissory estoppel should apply to keep GEICO from denying Lively's claim because Lively reasonably relied on her belief that she had coverage after the March 23 phone call.

**ANALYSIS**

12. Superior Court Civil Rule 56(e) provides, in pertinent part, that summary judgment "shall be rendered . . . if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Here, the parties agree there are no disputed issues of material fact and submit their dispute to resolution on a paper record.

**A. No contract was formed between the parties on March 23.**

13. GEICO argues Lively's insurance policy was cancelled on February 5, 2016, due to nonpayment of premiums, and the March 23 call did not reinstate her policy because her payment never was processed. Lively argues the parties had an enforceable contract because, although the payment never was processed, the parties' mutual exchange of promises was sufficient consideration. In other words, GEICO provided a premium quote and Lively agreed to pay and tendered all her

6

payment information. Lively argues that GEICO's failure to process the payment after the call disconnected does not affect the enforceability of the parties' contract.

14. "[A] valid contract exists when (1) the parties intended that the contract would bind them, (2) the terms of the contract are sufficiently definite, and (3) the parties exchange legal consideration."[8] According to the joint stipulation of facts, "[a GEICO] policy becomes effective once the GEICO service representative receives the card information[,] and the authority from the customer to process the payment[,] *and* the payment is processed."[9]

15. The March 23 call disconnected before Cooper processed the payment. The only reasonable conclusion to be drawn from the record is that Cooper believed he did not have the authority to process the payment.[10] By the time of his deposition, Cooper had no recollection of the March 23 call, but his contemporaneous notes indicate he did not believe he had permission to complete the transaction. Even if his conclusion legally was incorrect, it is undisputed that

---

[8] *Osborn* ex rel. *Osborn v. Kemp*, 991 A.2d 1153, 1158 (Del. 2010).

[9] D.I. 32, ¶ 9 (emphasis added).

[10] After agreeing to have the parties' dispute resolved on a paper record, at oral argument Lively argued that Cooper "forgot" to process the payment or became distracted, and the Court should so conclude by drawing inferences in favor of Lively as the "non-moving party." The Court strongly disagrees that, after agreeing to have the case resolved on a paper record, Lively is entitled to have inferences drawn in her favor simply because it was GEICO who filed the motion that placed the issue before the Court. In the end, however, that disagreement makes no difference. At best, Lively only is entitled to *reasonable* inferences from the record. Based on the parties' stipulated facts and the deposition excerpts attached to the parties' briefs, the only reasonable inference is that Cooper did not believe he had sufficient information or permission to process the payment. Lively did not attach any deposition transcript or other record permitting an inference that Cooper forgot to process the payment or became distracted before doing so, and Cooper's contemporaneous notes directly contradict that inference.

the payment was not processed and therefore GEICO received no consideration.

16.    Lively argues, however, that her promise to pay was sufficient consideration, citing case law to the effect that for executory contracts, a promise to pay is sufficient consideration.[11]  Although that is a correct statement of law, it is inapplicable in this case because both sides agree that the policy could not become effective until the premium payment was processed.[12]  That is, GEICO offered to insure Lively upon receipt of her premium payment, and her mere promise to pay was not sufficient consideration under the terms of GEICO's offer. That fact is not in dispute and, even if it were, Delaware law provides that an insurance policy cancelled for non-payment may be renewed, but the insurer is not liable for any losses or claims between the date of cancellation and the date "the full premium payment was *actually received* by the insurer or its agent."[13] Accordingly, no contract existed as of March 23 because no premium payment actually was received by GEICO.

---

[11] *See, e.g., Wolf v. Crosby*, 377 A.2d 22, 27 (Del. Ch. 1977); *Mobil Oil Corp. v. Wroten*, 303 A.2d 698, 791 (Del. Ch. 1973), *aff'd*, 315 A.2d 728 (Del. 1973); *Vale v. Atl. Coast & Inland Corp.*, 99 A.2d 396, 399 (1953).
[12] D.I. 32, ¶ 9.
[13] 18 *Del. C.* § 3903(d) (emphasis added).

**B. Promissory estoppel is not a substitute for consideration in this case because Lively's reliance was not reasonable after March 25, 2016.**

17. Lively argues that, even if her promise to pay was not sufficient consideration, she reasonably relied on her conversation with GEICO and assumed she had a valid insurance policy. Lively contends her assumption was reasonable because she tendered her payment information and agreed on a quote before the line was disconnected.

18. Promissory estoppel operates as a substitute for consideration where no contract was formed.[14] In order to establish promissory estoppel, a party must demonstrate: "(i) a promise was made; (ii) it was the reasonable expectation of the promisor to induce action or forbearance on the part of the promisee; (iii) the promisee reasonably relied on the promise and took action to his detriment; and (iv) such promise is binding because injustice can be avoided only by enforcement of the promise."[15]

19. GEICO concedes Lively reasonably relied on her conversation with GEICO between March 23 and March 25, and continued to drive her car in reliance on that promise. GEICO argues, however, Lively's reliance no longer was reasonable once GEICO responded to Lively's inquiry on March 25 and informed

---

[14] *Chrysler Corp. v. Chaplake Holdings, LLC*, 822 A.2d 1024, 1031 (Del. 2003).
[15] *Harmon v. State*, 62 A.3d 1198, 1201 (Del. 2013).

her that she did not have insurance because the premium payment had not been processed.[16]

20.     Although Lively testified she did not receive GEICO's email until after the March 30 accident, GEICO promptly responded to Lively using her chosen manner of communication. Lively's failure to await a response to her inquiry or take any other action after May 25 to confirm her previous belief that the policy had been reissued was not reasonable, and therefore her reliance after May 25 was not reasonable. In other words, even if promissory estoppel was a sufficient substitute for consideration between March 23 and March 25, once Lively was aware of sufficient facts to prompt an inquiry about the status of her insurance, her continued reliance on the March 23 phone call was not reasonable.[17]

---

[16] When Lively searched for her insurance on GEICO's website on March 25, she noticed it was not available. She therefore initiated an electronic inquiry about "the status of her insurance." D.I. 32 ¶ 14.

[17] The parties have not argued, and therefore the Court has not decided, whether promissory estoppel can overcome the statutory requirement that an insurer receive "full premium payment" before reissuing an insurance policy that was cancelled for nonpayment. *See* 18 *Del. C.* § 3903(d).

**CONCLUSION**

For the foregoing reasons, Lively did not have a valid insurance contract with GEICO at the time of the accident, and GEICO's motion for summary judgment therefore is **GRANTED.  IT IS SO ORDERED**.

_____
Abigail M. LeGrow, Judge

Original to Prothonotary
cc:    Nicholas E. Skiles, Esquire
         James A. Erisman, Esquire