# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ALFRED DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | C.A. No. S20C-06-018 CAK |
| TOWN OF SOUTH BETHANY BEACH, | ) | |
| a Municipal Corporation | ) | |
| of the State of Delaware, | ) | |
| | ) | |
| Defendant. | ) | |

Submitted: September 26, 2022
Decided: October 11, 2022

*Upon Defendant's Motion for Summary Judgment pursuant to Superior Court Rule 56(b)*

**DENIED IN PART AND GRANTED IN PART**

**MEMORANDUM OPINION AND ORDER**

Eric G. Mooney, Esquire, Eric G. Mooney, P.A., 13 South Front Street, Georgetown, DE 19947, Attorney for Plaintiff.

Tasha Marie Stevens-Gueh, Esquire, Andrew & Stevens-Gueh, LLC, 115 South Bedford Street, Georgetown, DE 19947, Attorney for Plaintiff.

Stephani J. Ballard, Esquire, Law Offices of Stephani J. Ballard, LLC, 100 Rockland Road, P.O. Box 614, Montchanin, DE 19710, Attorney for Defendant.


**KARSNITZ, R.J.**

# I.    INTRODUCTION

On the paper record before me, and absent pretrial discovery, the Town of South Bethany Beach, Delaware, a municipal corporation organized by Charter under the laws of the State of Delaware ("Defendant") asks me to grant it judgment as a matter of law[1] as to the following two claims by Alfred "Lee" Davis ("Plaintiff") against Defendant: (1) a promissory estoppel claim, and (2) a claim for violation of an implied covenant of good faith and fair dealing.  For the reasons discussed below, I deny Defendant's request as to the promissory estoppel claim, and I grant Defendant's request as to the good faith and fair dealing claim.

# II.    FACTS

Plaintiff was hired by Defendant as a police officer on or about August 6, 1991. Plaintiff retired in good standing on or about March 16, 2019.  Plaintiff was 56 years old at the time of his retirement, and he had accrued 27 years of service with Defendant.

Defendant first adopted a personnel policy manual (the "Manual") on or about January 14,  1995, which addressed separation from employment but contained no provision regarding retirement.  The preface to the 1995 Manual stated that its contents were presented "as a matter of information only," were "not conditions of

---

[1] Pursuant to Super. Ct. Civ. R. 56(b): "A party against whom a claim, counterclaim or crossclaim is asserted or a declaratory judgment is sought may, at any time, move, with or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof."

employment," and further stated:

> The Town reserves the right to modify, revoke, suspend, terminate, or change any or all such policies or procedures, in whole or in part, at any time, with or without notice. The language used in this manual is not intended to create, nor is it to be construed, to constitute a contract between the Town and one or all of its employees.[2]

In April, 2001, the Town revised and amended the Manual to add a retirement provision to the separation section, which stated that employees who retired with 15 or more years of continuous service would receive bonuses in various amounts.[3] The preface to the 2001 revised Manual stated that "[t]he policies outlined in this book should be regarded as guidelines"[4] and

> The Town of South Bethany, by the action of Town Council, retains the right to modify, revoke, suspend, terminate, or change any or all such policies or procedures, in whole or in part, at any time, with or without notice. The policies contained in this book are not intended to create a contract and/or a warranty of benefits between the Town and one or all of its employees.[5]

The 2001 revised Manual further provided:

> The Town Council reserves the right to amend, supplement, or otherwise revise the provisions of the manual, in whole or in part, at any time. These actions shall supersede and replace any prior policy.[6]

In January, 2014, Defendant again revised the Manual, eliminating the retirement bonus for employees hired on or after October 24, 2013 and, for existing

---

[2] A-10. In the attachments to the respective pleadings, Plaintiff's documents are designated as "Exhibit A, B, C" etc. and Defendant's documents are designated as "Exhibit 1, 2, 3" etc.
[3] At the time of the 2001 revision, Plaintiff had accrued 9 years of service with Defendant.
[4] A-105.
[5] *Id.*
[6] A-109.

employees, maintained the amount of the bonuses available, but established age and time of service criteria to be deemed "retired:"

> For purposes of this section, an employee shall be deemed retired who, at the time of his/her separation from the Town, (A) has attained the age of 60 and has at least 15 years of continuous service with the Town, or (B) has 30 years of continuous service with the Town.[7]

Once again, the revised 2014 Manual stated that "[t]he policies outlined in this book should be regarded as guidelines,"[8] did not create a contract and/or a warranty of benefits between Defendant and any employee(s),[9] and "shall supersede and replace any prior policy."[10] Defendant emailed a copy of the revised 2014 Manual to each employee, including Plaintiff, on January 31, 2014.

Plaintiff voluntarily retired in good standing effective March 16, 2019, at which time he was 56 years old and had accrued 27 years of service. This did not meet the age and time of service criteria for the retirement bonus under the terms of the revised 2914 Manual. Plaintiff demanded payment of a retirement bonus and Defendant advised him that he was ineligible.

## III. PROCEDURAL BACKGROUND

Plaintiff initially filed his Complaint on June 22, 2020, alleging entitlement to his retirement bonus from Defendant. Prior to any responsive pleading from

---

[7] A-92, 245. At the time of the 2014 Manual revisions, Plaintiff was 51 years old and had accrued 22 years of service with Defendant.
[8] A-185.
[9] *Id.*
[10] A-189.

Defendant, on July 28, 2020, Plaintiff filed a second Complaint. The second Complaint was not properly served on Defendant, so Defendant, on December 31, 2020, filed a Motion to Dismiss. On February 5, 2021, I denied Defendant's Motion to Dismiss, but ordered Plaintiff to file another Amended Complaint which clearly articulated his claims for relief. On February 16, 2021, Plaintiff filed his Amended Complaint. Defendant filed its Answer on March 8, 2021.

A scheduling order was issued on June 3, 2021. Defendant moved for a stay of discovery pending resolution of its Motion for Judgment on the Pleadings.[11] I granted a stay on July 16, 2021. Following briefing by the parties, I heard oral argument on January 5, 2022. At that oral argument, Plaintiff argued that Defendant's motion should not be granted at that time, and represented that discovery was necessary. I granted limited discovery, but indicated that Defendant could subsequently renew its motion in the form of a Motion for Summary Judgment.

On April 8, 2022, Defendant notified me that more than 90 days had elapsed with Plaintiff having engaged in no discovery, nor taken any other action in the case. Accordingly, on April 18, 2022, Defendant filed a renewed Motion for Summary Judgment (the "Motion"). On July 29, 2022, Plaintiff filed his Answering Brief. Attached to the Answering Brief was Plaintiff's affidavit (the "Affidavit"), which I have reviewed as part of the record. On August 19, 2022, Defendant filed its Reply Brief. On

---

[11] Pursuant to Super. Ct. Civ. R. 12(c).

September 26, 2022, I held oral argument. This is my decision on the Motion for Summary Judgment.

## IV.    STANDARD OF REVIEW

A party is entitled to summary judgment, and judgment shall be entered forthwith, when the record shows that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[12] I must "examine the record to determine whether, after viewing the facts in the light most favorable to the nonmoving party, the moving party has demonstrated that no material issues of fact are in dispute and it is entitled to judgment as a matter of law.[13] The Delaware Supreme Court has held that:

> the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is "entitled to a judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.[14]

In response to Defendant's Rule 56 motion, Plaintiff "may not rest upon the mere

---

[12] Super. Ct. Civ. R. 56(c).
[13] *Mason v. United Servs. Auto. Ass'n*, 697 A.2d 388, 392 (Del. 1997).
[14] *Burkhart v. Davies*, 602 A.2d 56, 59 (Del. 1991) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)).

6

allegations or denials of [its] pleading, . . . [but] must set forth specific facts showing that there is a genuine issue for trial."[15] Similarly, Plaintiff does not meet its responsive burden, and may not successfully oppose a summary judgment motion, by simply reiterating those allegations or denials in an affidavit.[16] In this case, Plaintiff's Affidavit does more than simply reiterate mere allegations or denials; it sets forth facts supporting his position.

Under this standard of review, and since no additional discovery has been conducted in this case, I must examine Plaintiff's allegations in the context of the existing documents of record in the pleadings to determine whether judgment as a matter of law is appropriate.

## V.    ANALYSIS

**A.  DEFENDANT IS NOT ENTITLED TO JUDGMENT AS A MATTER OF LAW AS TO COUNT I, PROMISSORY ESTOPPEL, BECAUSE THERE IS EVIDENCE OF RECORD WHICH COULD ESTABLISH THE NECESSARY ELEMENTS OF PROMISSIORY ESTOPPEL UNDER DELAWARE LAW.**

The necessary elements of a claim for promissory estoppel are well-settled under Delaware law. Plaintiff has the burden of proving all four elements by clear and convincing evidence:

(1) a promise was made;

(2) it was the reasonable expectation of the promisor to induce action or

---

[15] Super. Ct. Civ. R. 56(e).
[16] *Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 888 (1990).

7

forbearance on the part of the promisee;

(3) the promisee reasonably relied on the promise and took action to his detriment, and,

(4) such promise is binding because injustice can be avoided only by enforcement of the promise.[17]

The purpose of the promissory estoppel doctrine is "to prevent injustice."[18] The doctrine is, in essence, a substitute for consideration where no contract, or other means of enforcing the promise, exists.[19] Promissory estoppel does not create a contract where none exists, but, on appropriate facts, provides a substitute mechanism to enforce promises which were intended and expected to elicit action on the part of the promisee. There must be "an actual promise or definite assurance … Mere expressions of opinion, expectation or assumption are insufficient."[20]

In this case, fact testimony and relevant documentation are sufficient to prove each element of the promissory estoppel claim. Plaintiff has first-hand knowledge of the circumstances of his employment and retirement. Accordingly, he can present a showing of proof on each element through his testimony and relevant documentation. Similarly, Defendant has first-hand knowledge of the evolution of the Manual over time and its applicability to all employees of

---

[17] *Lord v. Souder*, 748 A.2d 393, 399 (Del. 2000); *Harmon v. Delaware Harness Racing Comm.*, 62 A.3d 1198, 1201 (Del. 2013); *Keating v. Board of Education*, 1993 WL 460527 (Del. Super. Nov. 3, 1993).
[18] *Lord*, 748 A.2d. at 388.
[19] *Id.* at 400.
[20] *Reeder v. Sanford School, Inc.,* 397 A.2d 139, 141 (Del. Super. Jan. 16, 1979).

Defendant, including Plaintiff. Accordingly, it can dispute Plaintiff's testimony on each element through its testimony and relevant documentation.

Plaintiff proffers his own testimony essentially as follows. He was employed by Defendant as a police officer beginning in 1991, and that during his time working with a small police department there were issues with Defendant hiring police officers and paying for their training and certification only to have a larger police department hire them for more money and benefits. He understood the separation bonus to be an inducement for all its employees to stay with Defendant, despite other opportunities at higher paying, larger police departments. He saw no real benefit to leaving because of his employment package, which included the separation bonus, generous medical benefits, generous vacation, state retirement, salary increases, and steps for time and grade. Defendant adopted the separation bonus in 2001 and he had worked long enough to be eligible for the bonus. He believed that he was under that version of the separation bonus provision because, despite changes to its policies in the past, Defendant had not applied them retroactively, but only prospectively. He did not think any changes in the separation bonus would apply to him because he had already worked long enough to qualify for it. Because he did not receive prior notice of the change in the separation bonus policy, he had no opportunity to retire with the benefits that he accrued before the new policy took effect.

Defendant proffers its own testimony and related documentation as discussed

under each element of the claim, below.

### A. Promise.

As to the first element of promissory estoppel, that Defendant made a promise to Plaintiff, Plaintiff simply proffers the language of the 2001 separation bonus policy and the prior practices of Defendant with regard to administering that policy, arguing that whether this constitutes a promise is a question of fact for the jury.[21]

Defendant argues that Plaintiff (1) relies only on the language of the 2001 separation bonus policy to claim that a promise existed, (2) acknowledges the Manual and its amendments were adopted by Defendant as general policies only, (3) does not assert that Defendant made any separate verbal or other representations to him, and (4) does not assert that the Manual was applied differently to him than to any other employees. Thus, argues Defendant, Plaintiff's claim is based on self-serving, conclusory statements and not facts alleged on the record.

Defendant argues that it is well-settled under Delaware that employee handbooks and manuals <u>do not</u> create contracts between employer and employees, and that the employment at will relationship can only be modified by clearly affirmative conduct on the part of the employer.[22] This is particularly true where the

---

[21] *Konitzer v. Carpenter*, 1993 WL 562194, at *23 (Del. Super. Dec. 29, 1993).

[22] *Mann v. Cargill Poultry, Inc.,* 1990 WL 91102, at *5 (Del. Super. 1990), *aff'd*, 584 A.2d 1228 (Del. 1990); *Heideck v. Kent Genl. Hospital, Inc.*, 446 A.2d 1095 (Del. 1982); *Avallone v. Wilmington Med. Ctr., Inc.*, 553 F. Supp. 931, 936–37 (D. Del. 1982); *Asher v. A.I. DuPont Inst. of Nemours Found.*, 1987 WL 14876, at *3 (Del. Super. 1987).

employer reserves the right to amend the handbook or manual from time to time. [23]

Defendant distinguishes the sole Delaware case that held that a policy in an employee handbook could create a promise, or "contractual rights in appropriate circumstances,"[24] on the basis that in that case the employer disregarded its own policy and created a pretext for termination of the employee.

However, Plaintiff in this case is not asserting contract rights in the Amended Complaint.[25] He does not claim that the Manual created a contract between himself and Defendant, but rather that, under the promissory estoppel doctrine, Defendant made a promise to him.

Defendant argues that Plaintiff proffers no evidence that a promise was in fact made to him. For example, in a case where Plaintiff pled that his superior had made him a promise of a full appeal hearing prior to termination, he asserted no facts supporting that such promise was made with the expectation of any inducement, nor that he acted in reliance thereon. This Court held that an estoppel claim could not be premised on alleged "long standing policies and practices" of the employer. [26] Defendant also cites a line of Delaware cases in which promises *were* found to exist for purposes of promissory estoppel,[27] and contrasts those cases to this case.

---

[23] *Mann* at *1.
[24] *Crisco v. Board of Education*, 1988 WL 90821 (Del. Ch. Aug. 29, 1988).
[25] A contract claim in the original Complaint was subsequently removed.
[26] *Witzke v. Kent Cty. SPCA*, 2014 WL 4298210 (Del. Super. Aug. 29, 2014).
[27] *Lord v. Souder,* 748 A.2d at 399 (employer provided a direct assurance that plaintiff would be protected from reprisals if she disclosed information of wrongdoing); *Harmon,* 62 A.3d at 1200-1201 (suspended plaintiff had specifically been told that he would be reinstated if certain criminal charges

11

Accordingly, argues Defendant, since Plaintiff clearly fails to meet the first element of the "promissory estoppel" test, and since all four elements of the promissory estoppel test must be satisfied for Plaintiff to state a claim,[28] I can end my analysis here and grant its Motion. I disagree with Defendant. At this stage of the proceedings, in my view Plaintiff has proffered sufficient facts as to whether there was a promise made by Defendant to Plaintiff to survive the Motion.

## B. Reasonable Expectation by Defendant of Reliance by Plaintiff

As to the second element of promissory estoppel, that it was the reasonable expectation of Defendant to induce action or forbearance on the part of Plaintiff, Plaintiff proffers his knowledge of retention challenges within the police force. Additionally, Plaintiff argues that the separation bonus policy itself leads to the reasonable inference that it was an incentive to induce longer service with Defendant.

Defendant counters that there is no evidence that it had a reasonable expectation that Plaintiff would rely on the 2001 separation bonus provision, let alone take action or forbearance based on that reliance. "[P]laintiff must prove that defendant made a promise with the intent to induce action or forbearance,"[29] and Plaintiff does

---

were cleared; this occurred, but the employer reneged); *Reeder,* 397 A.2d at 140 (plaintiff alleged that headmaster had assured him that his salary would not be reduced as a result of the school's decision to drop football); *Keating,* at *1-2 (plaintiff teacher told directly by her principal that she would be rehired once she had a certification).

[28] *VonFeldt v. Stifel Financial Corp.*, 714 A.2d 79, fn. 22 (Del. 1998).

[29] *VonFeldt,* 714 A.2d at 87.

not allege, and nothing in the record demonstrates, that Defendant intended to retain Plaintiff (or any employee) in employment for a certain number of years. There is no evidence that any specific promises were ever made to Plaintiff individually, and the various changes to the separation bonus policy were made and promulgated to all employees at the same time. There is no allegation that Plaintiff ever expressed a desire to leave; that he was an indispensable employee; or that he was sought out by other employers.

I disagree with Defendant. At this stage of the proceedings, in my view Plaintiff has proffered sufficient facts as to whether there was a reasonable expectation by Defendant that Plaintiff would rely on the separation bonus provision to survive the Motion.

**C. Reasonable Reliance by Plaintiff and Action by Plaintiff to his Detriment based upon that Reliance.**

As to the third element of promissory estoppel, that Plaintiff reasonably relied on the promise and acted to his detriment, Plaintiff proffers his testimony that he was asked by Chiefs of several larger police departments which paid higher salaries to apply for employment, including Lewes, Bethany Beach, and Fenwick Island. He will testify that he declined because he was working toward eligibility for Defendant's separation bonus, and once eligible was continuing to serve to obtain the bonus.

Defendant argues that Plaintiff must show that he "actually relied on the

promise, and that he suffered injury as a result,"[30] a n d  t h a t  Plaintiff's claims that

his reliance consisted of maintaining his employment with the Defendant and turning

down employment with another employer fail both legally and logically.  First,

continued employment  -- without more -- is insufficient to establish reasonable

reliance. [31]  Second, Plaintiff's reliance on an outdated provision in the Manual is

unreasonable.  Third, the separation bonus provision did not restrict Plaintiff from

seeking other employment and benefits at any time.

Nor, argues Defendant, is there any evidence that Plaintiff took any "injurious

action"[32] in reliance on the separation bonus policy.  Plaintiff started working for

Defendant in 1991. When Defendant first adopted the Manual in 1995, there was no

separation bonus provision at all. The separation bonus provision was added in 2001,

at which time Plaintiff did not yet qualify for the bonus.  Thus, Plaintiff did not work

from 1991-2001 in reliance on a separation bonus. Defendant started discussion of

changing the separation bonus provision in October, 2013, but the change did not

actually become effective until January, 2014.  Thus, if Plaintiff had retired during

this three-month period before the policy changed, he would have received a 20-year

bonus under the 2001 provision.  However, he did not do so.  He expressed no

dissatisfaction with the 2014 changed policy and continued to work for Defendant

---

[30] *VonFeldt*, 714 A.2d at 87.

[31] *Mann v. Cargill Poultry*, at *7 ("continuing to work at a job upon learning of a policy is not sufficient to constitute consideration").

[32] *Harmon*, 62 A.2d at 1202.

14

under that policy until 2019, when he retired. If Plaintiff had worked another 2½ years for Defendant, he would have received the maximum bonus. However, he did not do so. He retired in 2019. Thus, argues Defendant, Plaintiff was the arbiter of his own fate and there is no evidence of injurious action by Plaintiff.

I disagree with Defendant. At this stage of the proceedings, in my view Plaintiff has proffered sufficient facts as to whether there was reasonable reliance by Plaintiff, and action by Plaintiff to his detriment based upon that reliance, to survive the Motion.

### D. Avoidance of Injustice.

As to the fourth element of promissory estoppel, Plaintiff proffers that, unless Defendant's promise to Plaintiff is enforced, there will be an unjust result. "The final element of a promissory estoppel claim is a finding that the promise must be enforced to avoid injustice."[33] Plaintiff will testify that he worked for Defendant from 1991 until the adoption of the policy in 2001, then until 2006, when he had earned a separation bonus under the original 2001 policy, until 2014, when the policy was changed, until 2019, when he retired. When he retired, he requested the separation bonus and was given nothing. Plaintiff will testify that, in the past, he was "grandfathered" with respect to amendments to benefits and remained under the original governing policy, and that he was never given the information to allow him

---

[33] *Harmon*, 62 A.3d at 1202.

to retire while the bonus was still available before the 2014 amendment.

Defendant argues that, on the face of the pleadings and the documentary record, this final element cannot be met because no "injustice" results from Defendant's application of the current (2019) version of the separation bonus provision that existed at the time Plaintiff retired. Plaintiff, as a result of his own actions, got exactly what he was entitled to at the time of his retirement, so there can be no injustice.

I disagree with Defendant. At this stage of the proceedings, in my view Plaintiff has proffered sufficient facts as to whether he suffered an injustice – receiving no separation bonus -- to survive the Motion.

To summarize, in my view there is sufficient evidence of record on all four elements of promissory estoppel to create a genuine issue of material fact, and thus Defendant is not entitled to judgment as a matter of law. For the foregoing reasons, Defendant's Motion for Summary Judgment as to Count I, Promissory Estoppel, pursuant to Superior Court Civil Rule 56(b) is **DENIED**.

**B. DEFENDANT IS ENTITLED TO JUDGMENT AS A MATTER OF LAW AS TO COUNT II, A CLAIM OF VIOLATION OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING, BECAUSE THERE IS NO EVIDENCE OF RECORD WHICH COULD ESTABLISH THE ELEMENT OF FRAUD.**

The doctrine of violation of the covenant of good faith and fair dealing is a judicially created exception to the general rule of at-will employment. In the

employment context, Delaware courts have applied the doctrine only in certain cases of termination of employment.[34] Delaware law recognizes four broad categories where the doctrine may apply: (1) where the termination violated public policy; (2) where the employer misrepresented an important fact on which the employee relied to either accept a new position or remain in a present one; (3) where the employer used its superior bargaining power to deprive the employee of clearly identifiable compensation related to the employee's past service; and, (4) where the employer falsified or manipulated employment records to create fictitious grounds for termination.[35] A finding of a breach of the implied covenant of good faith and fair dealing requires that the employer's conduct "constitute 'an aspect of *fraud, deceit or misrepresentation*,'" such that it is "*intentionally deceptive* in some material way to the contract."[36]

In my view, Plaintiff's claim that Defendant violated the implied covenant of good faith and fair dealing fails on the face of the pleadings for several reasons. First, there was no termination of Plaintiff's employment, and the doctrine has historically only been applied in termination cases.[37] Plaintiff voluntarily retired. He does not

---

[34] *See Merrill v. Crothall-American Inc.*, 606 A.2d 96 (Del. 1992) (employer deceptively hired plaintiff while intending to replace him as soon as it found a better candidate, then fired plaintiff); *Schuster v. Derocili*, 775 A.2d 1029, 1035 (Del. 2001) (termination for failure to submit to sexual harassment); *E.I. DuPont de Nemours & Co. v. Pressman*, 679 A.2d 436, 442 (Del. 1996) (doctrine asserted but found not to be violated where employee was terminated for questioning the propriety of employer's business practices).

[35] *Lord v. Souder,* 748 A.2d at 400.

[36] *Pressman, supra*, 679 A.2d at 440, *citing Merrill v. Crothall- American Inc.* [emphasis supplied]

[37] *Id.* at 441.

claim, nor is there any evidence on the record, that there was any type of constructive termination. Thus, the doctrine is inapplicable.

Second, even if the doctrine were applicable, none of the four broad factual categories where Delaware law recognizes the doctrine are applicable to this case.

Third, as discussed earlier in this opinion, there remains an issue of fact as to whether there was a promise to Plaintiff by Defendant that created an implied contract between the parties, and the Manual disclaims that it serves any such purpose.

Fourth, and most important to me, there is no evidence on the record of Defendant's fraud, deceit, misrepresentation, or intentional deception of Plaintiff -- which are required to state a claim for breach of the implied covenant of good faith and fair dealing. Defendant was transparent in the way it amended the Manual. The amendments were publicly adopted by formal action at regular meetings, with publicly noticed agendas, and minutes which reflect thoughtful and thorough public discussion. Further, a full copy of the Manual, including the amendment Plaintiff objects to, was provided to all employees, including Plaintiff, via email.

For the foregoing reasons, I grant summary judgment in favor of Defendant as to Count II, Breach of the Implied Covenant of Good Faith and Fair Dealing, pursuant to Superior Court Civil Rule 56(b). There is no genuine of material fact, Plaintiff has had ample opportunity to present evidence and has shown none, and thus Defendant is entitled to judgment as a matter of law on Count II, which is **DISMISSED**.

## VI. CONCLUSION

For the reasons discussed above, Defendant's Motion for Summary Judgment pursuant to Superior Court Civil Rule 56(b) is **DENIED** as to Count I, Promissory Estoppel, and **GRANTED** as to Count II, Breach of the Implied Covenant of Good Faith and Fair Dealing. Count II is **DISMISSED**.

**IT IS SO ORDERED.**

/s/ Craig A. Karsnitz

cc:  Prothonotary