NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-2848

_____

SANJAY K. BHATNAGAR,
Appellant

v.

MATTHEW MEYER, individually and in his official capacity
as the New Castle County Executive;
WILSON B. DAVIS, individually and in his official capacity
as the New Castle County Attorney;
NEW CASTLE COUNTY, a municipal corporation
_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE
(D.C. No. 1-21-cv-00126)

District Judge: Honorable Colm F. Connolly
_____

Submitted Under Third Circuit L.A.R. 34.1(a) on July 11, 2023
_____

Before: SHWARTZ, RESTREPO, and CHUNG, *Circuit Judges*

(Opinion Filed: August 22, 2023)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

RESTREPO, *Circuit Judge*

Sanjay K. Bhatnagar, a former Assistant County Attorney (ACA) for New Castle County (NCC or the County), sued his supervisor, Matthew Meyer, and the County Executive, Wilson Davis, for terminating him. He alleges that he was terminated in violation of the Due Process Clause of the Fourteenth Amendment and 42 U.S.C. § 1983. For the following reasons, we will affirm.

## I.    BACKGROUND[1]

Bhatnagar was employed by the County as an ACA starting in June 2017.  He is of Indian descent and a member of the Hindu religion. Meyer was, at all relevant times, the County Executive for NCC, and Davis was the County Attorney for NCC. On July 6, 2020, while working on a project, Bhatnagar reached out to an outside law firm for help.  A day later, Davis emailed Bhatnagar condemning him for not following protocol and seeking outside help.  Bhatnagar replied and explained why he did so and suggested escalating it to Davis's boss, County Executive Meyer.

Two days after Bhatnagar emailed the outside law firm asking for help, Davis called Bhatnagar, told him that he served at Davis's pleasure, and offered him the choice of

---

[1] Because this is an appeal from a grant of a motion to dismiss, we accept as true "[t]he facts alleged in the complaint and the reasonable inferences that can be drawn from those facts." *Farber v. City of Paterson,* 440 F.3d 131, 134 (3d Cir. 2006). And because Bhatnagar quoted and relied on the transcript from his unemployment compensation hearing in his Complaint, which the Defendants attached as an exhibit to their motion to dismiss, the Court will consider the transcript as part of this appeal. *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993) ("[A] court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document.")

resigning with a separation agreement or being terminated for insubordination. Bhatnagar did not sign the proposed separation agreement and was then terminated. At his unemployment compensation hearing, Bhatnagar testified that he did not sign the termination letter because he believed his civil rights were violated.

Rather than signing the termination letter, Bhatnagar filed suit against Davis, Meyer, and the County, and alleged that he was terminated in violation of the Due Process Clause of the Fourteenth Amendment and § 1983. Defendants moved to dismiss. The District Court dismissed his procedural due process claim (Count I) and municipal liability claim (Count III), but allowed his equal protection discrimination claim (Count II) to proceed. **JA 18-19.** He now timely appeals the dismissal of Counts I and III.[2]

## II. JURISDICTION AND STANDARD OF REVIEW

The District Court had federal question jurisdiction under 28 U.S.C. §§ 1331 and 1343(a). This Court has appellate jurisdiction under 28 U.S.C. § 1291. This Court exercises plenary review of a district court's ruling on a 12(b)(6) motion to dismiss. *Newman v. Beard*, 617 F.3d 775, 779 (3d Cir. 2010).

## III. DISCUSSION

### A. Count I – Procedural Due Process Claim

Bhatnagar wrongly claims that his dismissal from his job without a hearing deprived him of a property interest without due process of law. "Procedural due process imposes constraints on governmental decisions which deprive individuals of liberty or property

---

[2] On September 2, 2022, Bhatnagar agreed to a stipulation voluntarily dismissing Count II with prejudice. Thus, our opinion focuses on Count I and III.

interests within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment." *Mathews v. Eldridge*, 424 U.S. 319, 332 (1976) (internal quotation marks omitted). Because Bhatnagar's Complaint alleges wrongdoing by local actors, rather than federal actors, the Court addresses his procedural due process claim under the Fourteenth Amendment. To plausibly state a procedural due process claim, Bhatnagar must establish that (1) he had a property interest protected under the Fourteenth Amendment; and (2) the procedures provided to him were constitutionally inadequate. *See Alvin v. Suzuki*, 227 F.3d 107, 116 (3d Cir. 2000). Thus, the threshold question is whether Bhatnagar had a cognizable property interest protected under the Fourteenth Amendment.

The Constitution itself does not create property interests. *See Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 577 (1972). Instead, property interests are "created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law—rules or understandings that secure certain benefits and that support claims of entitlements to those benefits." *Id.*; *see also Bishop v. Wood*, 426 U.S. 341, 345 (1976) ("[T]he sufficiency of the claim of entitlement must be decided by reference to state law.").

Bhatnagar does not have a property interest in his employment protected by the Fourteenth Amendment. As the District Court aptly stated, Section 1394 of Title 9 of the Delaware Code unambiguously states that Assistant County Attorneys, like Bhatnagar, "shall serve at the pleasure of the County Attorney."[3] *See Grimaldi v. New Castle Cnty.*,

---

[3] The statute reads that "[t]he County Attorney shall appoint such Assistant County Attorneys as may be authorized by the County Council. The Assistant County Attorneys

4

No. 15C-12-096 (ESB), 2016 WL 4411329, at *3 (Del. Super. Ct. Aug. 18, 2016) (stating that "serv[ing] at the pleasure of" the New Castle County Executive is synonymous with being an "at-will" employee); *See Bhatnagar v. Meyer*, No. 21-cv-00126-CFC, 2021 WL 7209368, at *2 (D. Del. Dec. 20, 2021). And in *Bishop*, the Supreme Court held that no deprivation of property under the Due Process Clause of the Fourteenth Amendment arises from "the discharge of a public employee whose position is terminable at the will of the employer when there is no public disclosure of the reasons for the discharge." 426 U.S. at 348; *see also Chabel v. Reagan*, 841 F.2d 1216, 1224 (3d Cir. 1988) (same).

Bhatnagar argues that the statute is ambiguous and should be read to provide "just cause" protections. He argues that whenever "the Delaware General Assembly uses the phrase 'at the pleasure of' and intends the employee to be dischargeable 'at any time and for any reason,' it adds additional statutory language making that intent explicit." Appellant's Br. at 14. If it does not add additional statutory language, like the relevant statute here, then "such low level, non-policymaking" employees who serve "at the pleasure of" other employees "retain various well-established" protections that do not make them removable at will.[4] *Id.* In other words, "at the pleasure of"—without more—does not mean "at the pleasure of."

shall serve at the pleasure of the County Attorney. First Assistant County Attorneys shall be selected according to provisions of the Merit System of the New Castle County Code." Del. Code Ann. tit. 9, § 1394.

[4] Bhatnagar also creates a distinction between "high level" and "low level" employees, but does not cite, nor can the Court find, any case law or Delaware code provision establishing that distinction in this context. Bhatnagar's citation to *Harmon v. State*, 62 A.3d 1198 (Del. 2013) is misplaced. The Delaware Supreme Court's decision did not mention the distinction Bhatnagar draws. *Id.* at 1200–02. In fact, the court left undisturbed the lower

That cannot be so. The statute reads that the "Assistant County Attorneys shall serve at the pleasure of the County Attorney." Del. Code Ann. tit. 9 § 1394. "[A]t the pleasure of" is synonymous with "at will." *See Grimaldi*, 2016 WL 4411329, at *3; *see also Elmore v. Cleary*, 399 F.3d 279, 282 (3d Cir. 2005) (suggesting that an "at-will employee" is the same as an employee who "serves solely at the pleasure of her employer"); *Hill v. Borough of Kutztown*, 455 F.3d 225, 234 (3d Cir. 2006) (same). At will employment is subject to termination "with or without cause." *See Collision v. State ex rel. Green*, 2 A.2d 97, 99–100 (Del. 1938). Hence, the legislature stating that Bhatnagar, an ACA, serves at will and is subject to termination with or without cause does not leave room for the Court to interpret it any other way. *See Conn. Nat'l Bank v. Germain,* 503 U.S. 249, 253–54, (1992) ("[C]ourts must presume that a legislature says in a statute what it means and means in a statute what it says there. When the words of a statute are unambiguous, then, this first canon is also the last: judicial inquiry is complete.") (internal citations and quotations omitted); *see also Lawson v. State*, 91 A.3d 544, 549 (Del. 2014) (stating that, under Delaware law, a statute is ambiguous only if it can have "two or more reasonable interpretations" or "if a literal reading would lead to an unreasonable or absurd result not contemplated by the legislature") (internal citations and quotations omitted). Accordingly, "at the pleasure of"—without qualification or more—really does mean "at the pleasure of."

---

court's finding that the employee-in-question served at the pleasure of his employee and was therefore removable at will. *Harmon v. State*, No. 07C-01-003 WLW, 2011 WL 5966717, at *1 (Del. Super. Ct. Nov. 17, 2011), *rev'd,* 62 A.3d 119.

**B.**     **Count III –** *Monell* **Liability Claim**

Bhatnagar alleges that the County is liable because the decisions made by Meyer and Davis are attributable, to NCC under the doctrine of *Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978). This claim fails because Bhatnagar no longer has a cognizable constitutional claim.

A municipality "cannot be held liable under § 1983 on a respondeat superior theory." *Id.* at 691. But a municipality can be held liable when the "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." *Id.* at 694*; see also Mann v. Palmerton Area Sch. Dist.*, 872 F.3d 165, 175 (3d Cir. 2017), *as amended* (Sept. 22, 2017) (plaintiff must show that "implementation of a municipal policy or custom, causes a constitutional violation."). Accordingly, the Court must analyze "whether plaintiff's harm was caused by a constitutional violation" and whether the municipality is responsible for that violation. *Collins v. City of Harker Heights*, 503 U.S. 115, 120 (1992).

Bhatnagar's *Monell* liability claims fail because he has no remaining cognizable constitutional claim. Neither of the alleged constitutional claims—that is, the procedural due process claim (Count I) nor the equal protection discrimination claim (Count II)—remain. The procedural due process claim fails, as explained above, *see supra*, Section III.A., and Bhatnagar voluntarily chose to dismiss his equal protection claim with prejudice to proceed with this appeal, *see supra*, n.1.[5] Therefore, because Bhatnagar lacks an

---

[5] Even if the dismissal of Bhatnagar's equal protection claim did not foreclose his *Monell* claim, his *Monell* claim would still fail because neither Davis nor Meyer constitute

underlying claim of a constitutional violation, there cannot be a *Monell* claim. *See City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986).

### C. Dismissal with Prejudice

The District Court also did not err in dismissing Bhatnagar's complaint with prejudice and it did not need to provide Bhatnagar an opportunity to amend. While Defendants argue that Bhatnagar's failure to identify additional facts he would include in an amended complaint should bar him from seeking permission to amend, we have held that, in civil rights cases, "leave to amend must be granted *sua sponte* before dismissing" the complaint. *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 103, 108 (3d Cir. 2002). Here, no new facts would change the legal conclusions that Bhatnagar did not have a property interest in his continued employment and neither Davis nor Meyer were official policymakers. As such, the District Court did not abuse its discretion in dismissing the complaint with prejudice.

## IV. CONCLUSION

We will affirm the District Court's order dismissing Counts I and III with prejudice.

---

official policymakers sufficient to hold NCC liable for their termination of Bhatnagar. *McGreevy v. Stroup*, 413 F.3d 359, 367–68 (3d Cir. 2005) (explaining that a municipality can only be liable for the single act of a municipal official when that official is an official policymaker).